IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KYLE MARCELLO, #114656                                                                    PETITIONER

VERSUS                                                     CIVIL ACTION NO.  3:09-cv-442-DPJ-JCS

PASCAGOULA RESTITUTION CENTER                                                   RESPONDENT

ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner, an inmate at the Walnut Grove Youth Correctional Facility, Walnut Grove, Mississippi, brought this action pursuant to 28 U.S.C. § 2254 on July 28, 2009.  Although Petitioner filed this action as a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, the Court concludes that Petitioner's claim is not cognizable under 28 U.S.C. § 2254, and should be dismissed for the following reasons.

I.    **Background**

The only claim that Petitioner asserts in his petition for habeas relief is that when he was transported from the restitution center back to Walnut Grove Youth Correctional Facility, his property was not returned to him.  As relief, Petitioner requests monetary damages and return of his property.  In an order [3] entered August 6, 2009, Petitioner was directed to file a notice of voluntary dismissal or to specifically state how this case is proper if brought as a request for habeas relief.  On September 29, 2009, this Court entered another order [4] directing Petitioner to show cause why this case should not be dismissed for his failure to respond to the Court's order [3] of August 6, 2009.  On October 13, 2009, Petitioner filed a response [5] to this Court's order to show cause [4], however, the response failed to respond to this Court's inquiry into how this case is proper if brought as a request for habeas relief and simply restated his initial claims.

Further, on October 29, 2009, this Court entered a final order to show cause [6] again directing Petitioner to file a notice of voluntary dismissal or to specifically state how this case is proper if brought as a request for habeas relief. This order [6] also warned Petitioner that this was his final opportunity to comply with this Court's order [3] of August 6, 2009. Petitioner filed a response [7] on November 5, 2009, which, again, simply restated his initial claims regarding his property and failed to state any claims for habeas relief. Petitioner has been given ample opportunity to present this Court with habeas grounds and has failed to do so.

## II. Analysis

The Court finds that Petitioner has failed to comply with three orders of this Court. Notwithstanding Petitioner's failure to comply, this Court, liberally construing the grounds presented, finds that Petitioner has failed to present any grounds for which habeas relief can be given. As such, for the following reasons, the petition will be dismissed for failure to present any habeas grounds.

The writ of habeas corpus is the appropriate legal vehicle for a state prisoner challenging the fact of his or her confinement, not the conditions thereof. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Alternatively, an action brought pursuant to 42 U.S.C. § 1983 is proper where a prisoner seeks to attack unconstitutional prison procedures or conditions of confinement. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994)). The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges "'the fact or duration' of his confinement or merely [the] rules, customs, and procedures affecting 'conditions' of confinement." *Spina v.*

*Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987) (citations omitted).

In the case at bar, Petitioner is not challenging the fact or duration of his confinement, as is necessary in bringing an action by a writ of habeas corpus. Rather, Petitioner asserts that his personal property has not been returned to him. Therefore, because Petitioner's claim is a constitutional challenge to the conditions of his confinement and not the fact thereof, it is not cognizable under 28 U.S.C. § 2254, but rather must be pursued under 42 U.S.C. § 1983.[1]

## III. Conclusion

As discussed above, because Petitioner's claim is a constitutional challenge to the conditions of his confinement and not the fact thereof, it is not cognizable under 28 U.S.C. § 2254, but rather is comprehensible only under 42 U.S.C. § 1983. Therefore, this petition will be dismissed with prejudice.

A Final Judgment will be entered in accordance with this Order.

**SO ORDERED AND ADJUDGED** this the 10th day of December, 2009.

                                                       s/ *Daniel P. Jordan III*
                                                       UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Petitioner has presented the same claims he has presented in the present case in an action pursuant to 42 U.S.C. § 1983 filed on July 29, 2009, and still pending before this Court. (*Marcello v. Pascagoula Restitution Center, et al.*, civil action number 1:09-cv-508-HSO-JMR).